UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| ANDRE L. GARRETT, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. 3:16-cv-151 |
| vs. | ) | |
| | ) | |
| RON NEAL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Andre L. Garrett, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983, alleging that his First Amendment rights were violated because the law library at the prison where he is housed did not have a copy of the opinion of *Gonzalez v. Thayer*, 132 S. Ct. 641 (2012) when he was pursuing post-conviction relief.(DE 1.) Pursuant to 28 U.S.C. § 1915A, I must dismiss prisoner complaints that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief against defendants immune from such relief. Courts use the same standard for Section 1915A as when deciding motions under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602–3 (7th Cir. 2009). Of course, *pro se* pleadings must "be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).

To state claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006) (internal citation omitted). Garrett argues that he did not have access to the Supreme Court's *Gonzalez* opinion, which prejudiced him in pursuing his habeas corpus petition in *Garrett v. Superintendent*, Case No. 3:14-cv-1854 (N.D. Ind. Sept. 2, 2014) ("*Garrett I*"), because he had no way to know there was a 1-year deadline to file and filed late. In *Garrett I*, after his habeas petition was denied as untimely, Garrett filed a Rule 60 motion, arguing that the case should be reopened because the prison law library did not have the *Gonzalez* opinion. (*Garrett I*, DE 5.) The court denied the motion, noting that Garrett had access to "the statute [28 U.S.C. § 2244(d)] that determined how to calculate the 1-year period of limitations for habeas corpus cases." (*Id.* at 3.) On appeal, the Seventh Circuit Court of Appeals found no substantial showing that a constitutional right had been denied and dismissed the case. *Garrett v. Neal*, Case No. 15-2337 (7th Cir. Jan. 21, 2016) (DE 8) ("*Garrett II*").

The mere fact that Garrett was denied access to the *Gonzalez* opinion does not give rise to an actionable First Amendment claim. Inmates have a right of access to the *courts*, but there is no "abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *accord Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Further, prison officials have discretion over how and when inmates are able to access legal materials. *See* id at 351–52; *Bell v. Wolfish*, 441 U.S. 520, 546 (1979). Thus,

2

to state a First Amendment claim, an inmate must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials" and the resulting prejudice to a potentially meritorious legal claim. *Marshall*, 445 F.3d at 968.

Garrett has not done that. He has not identified any claim in his habeas petition that may have succeeded if only he'd had the *Gonzalez* opinion. In addition, he has not shown that not having *Gonzalez* is what caused him to miss the deadline because, as Judge Van Bokkelen pointed out in *Garrett I*, the form petition Garrett filled out contained the language of the "statute that determined how to calculate the one-year period of limitation[.]"(*See Garrett I*, DE 8 at 3; *see also Garrett I*, DE 1 at 20 (showing statute); *Garrett II*, DE 8 (Seventh Circuit finding "no substantial showing of the denial of a constitutional right").) Thus, Garrett has not made out a plausible First Amendment claim.

Finally, although a plaintiff should ordinarily be given an opportunity to file an amended complaint when a case is dismissed *sua sponte*, that is unnecessary "where . . . the amendment would be futile." See *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009).That's the case here. Even if his habeas petition contained a potentially meritorious claim, it was not the lack of access to *Gonzalez* that hindered Garrett's pursuit of that claim, but rather his failure to read the statutory language included on the petition. No amendment could change that fact.

Accordingly, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A, and the Clerk of Court is **DIRECTED** to treat this cause as closed.

**SO ORDERED.**

ENTERED: July 29, 2016.

                                                 s/ Philip P. Simon
                                                 CHIEF JUDGE
                                                 UNITED STATES DISTRICT COURT